[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a motion for summary judgment filed by the plaintiff, First Union National Bank. The plaintiff filed the present action to foreclose tax liens levied by the city of Waterbury against various properties owned by Joseph Gall and Thomas V. McLaughlin. The plaintiff alleges it is the owner and holder of the tax liens by virtue of an assignment dated April 22, 1996, pursuant to General Statutes §12-195h. The defendants, National Council on Compensation Insurance, American Policy Holders' Insurance Company and American International Group, are holders of judgment liens against the subject property.
On September 22, 2000, the plaintiff filed this motion for summary judgment, accompanied with a memorandum of law, on the grounds that there are no genuine issues of material fact and as a matter of law the plaintiff can foreclose on its tax liens. On October 6, 2000, the defendants filed an objection to the motion for summary judgment and filed an accompanied memorandum on October 16, 2000.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
The defendants argue, inter alia, that the plaintiff should never have brought this action to foreclose because the defendants were already in the process of foreclosing, and argue chat the court should first determine the amount of attorney's fees and costs due to the plaintiff before ruling on a motion for summary judgment.
With respect to attorney's fees, on May 4, 2000, this court, ruled on this issue in denying the defendants' application for discharge of lis pendens and tax liens. General Statutes 12-193 states in relevant part: "Court costs, reasonable appraiser's fees, and reasonable attorney's fees incurred by a municipality as a result of any foreclosure action brought pursuant to section 12-181 or 12-182 and directly related thereto shall be CT Page 1109 taxed in any such proceeding against any person or persons having title to any property so foreclosed and may be collected by the municipality once a foreclosure action has been brought pursuant to section 12-181 or12-182." "Fees and costs are not a required element which must be alleged and proven by the plaintiff in order to secure judgment in the foreclosure of municipal tax liens. The issue pertaining to attorney's fees, court costs, sheriff fees, title search fees, are all considered after judgment of foreclosure is rendered." Danbury v. Philbury, Inc., Superior Court, judicial district of Danbury, Docket No. 316686 (January 28, 1997, Pickett, J.). General Statutes § 12-193 "only allows for fees and costs after judgment." Id.
In an action to foreclose municipal tax liens, Practice Book §10-70 states in relevant part: "In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) The ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) (to be used only in cases where the lien has been continued by certificate) that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section."
In support of this motion, the plaintiff has alleged and submitted evidence fulfilling all five requirements of Practice Book § 10-70. Specifically, the parties have stipulated that Joseph Gall owned the liened premises during the 1993 and 1994 tax list years. In addition, the plaintiff submitted with its memorandum of law certified copies of deeds of title indicating that Joseph Gall and Thomas V. McLaughlin currently own the subject properties. The plaintiff also submitted certified copies of certificates of continuing tax liens, indicating that the city assessed a tax on the subject property during the 1993 and 1994 tax years, which was made due and payable. The plaintiff submitted an affidavit, dated September 22, 2000, indicating that the taxes due and owing have not been paid. (Cutty Aff. ¶ 5). Finally, the plaintiff alleged in its amended complaint all prior and subsequent encumbrances of record in accordance with Practice Book § 10-69.
The defendants failed to submit any evidence indicating that the plaintiff failed to meet the requirements of Practice Book § 10-70. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, CT Page 1110 supra, 243 Conn. 554. The defendant merely submitted arguments and evidence concerning their dispute over attorney's fees which is a separate issue from this motion, to be decided by the court after rendering a judgment of foreclosure. Danbury v. Philbury, Inc., supra, Superior Court, Docket No. 316686.
Since the defendants failed to submit any evidence of a genuine issue of material fact with regard to whether the plaintiff met the requirements to foreclose its municipal tax liens and since the plaintiff, through the evidence proffered in support of this motion, has met its burden of showing that it fulfilled the requirements to foreclose on its municipal tax liens, pursuant to Practice Book § 10-70, the Motion for Summary Judgment is granted.
THOMAS G. WEST, J.